UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22232-CIV-ALTONAGA

**MARIA ZAPATERO**, *et al.*,

    Plaintiffs,

v.

**ENERGIZER HOLDINGS, INC.**; *et al.*,

    Defendants.

_____/

## ORDER ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** came before the Court *sua sponte*. On August 30, 2021, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Class Action Complaint [ECF No. 30]. On September 9, 2021, Plaintiffs filed a Motion for Extension of Time to Respond to Defendants' Motion to Dismiss [ECF No. 33]. In their Motion, Plaintiffs bring to the Court's attention — for the first time — that "[Plaintiffs'] counsel has filed two class action complaints against Defendants" arising from the same alleged conduct, "[o]ne such class action is the instant case and the other action is pending in the United States District Court for the Central District of California." (Mot. Extension Time 2 (alterations added)).

A review of the docket of that case, *Bowen v. Energizer Holdings, Inc.*, No. 2:21-cv-04356 (C.D. Cal. 2021), reveals it was filed on May 25, 2021, asserting nearly identical claims to those raised in this case. *See id.* [ECF Nos. 1, 39]. The action in this District was filed on June 17, 2021, making *Bowen* the first-filed case. (*See* Compl. [ECF No. 1]). Interestingly, Plaintiff, Maria Zapatero, failed to advise the Court of the related action in her Civil Cover Sheet, which imposes a duty upon plaintiffs to disclose related or re-filed cases.[1] (*See* Civil Cover Sheet [ECF No. 1-1]

---

[1] The operative complaint in *Bowen* is a putative class action brought on behalf of California residents. *See*

1). Further, the motion to dismiss filed in *Bowen* — filed on the same day as Defendants' Motion to Dismiss in this action — raises identical grounds for dismissal. *See Bowen*, No. 2:21-cv-04356 [ECF Nos. 50, 50-1].

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (alteration added; citations omitted)). Indeed, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (alterations added; citations omitted).

Upon review of the parties' submissions and the docket of the first-filed action, the Court is persuaded the prudent course is to stay this action while the district court in the first-filed action decides the motion before it, including any appeal of that court's order. The stay should be reasonably brief and is certainly not indefinite. At bottom, given the impact the district court's rulings are likely to have on this case, and to conserve the parties' and judicial resources[2] and

---

*Bowen*, No. 2:21-cv-04356 [ECF No. 39]. Here, the Amended Complaint [ECF No. 15] is a national putative class action. (*See* Am. Compl. 1). Both are premised on the same conduct. *See generally id.*; *Bowen*, No. 2:21-cv-04356 [ECF No. 39]. The actions are certainly related, and all counsel of record were under a continuing obligation to disclose the related action under Local Rule 3.8. *See id.* ("It shall be the continuing duty of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel the existence of . . . any similar actions or proceedings then pending before another court[.]" (alterations added)); *see also Hakim-Daccach v. Gyptec, S.A.*, No. 16-20495-Civ, 2018 WL 7287147, at *1 (S.D. Fla. Apr. 20, 2018) (holding Local Rule 3.8 required counsel's disclosure of a proceeding initiated in Colombia by a party to the case in the Southern District of Florida against two other defendants in the District involving "an agreement and funds" which were the "subject of the instant case.").

[2] Defendants request oral argument on their Motion to Dismiss. (*See* Mot. Dismiss 24).

prevent inconsistent rulings, the most efficient course is to enter a temporary stay of this action.

Accordingly, to conserve the parties' and judicial resources, it is **ORDERED AND ADJUDGED** as follows:

1. The case is **STAYED** pending the district court's decisions in *Bowen v. Energizer Holdings, Inc.*, No. 2:21-cv-04356 (C.D. Cal. 2021).

2. The parties shall provide the Court with status updates regarding the pending matters every 30 days beginning **October 10, 2021**. If the *Bowen* defendants' motion is granted, the case will remain stayed while, and if, an appeal is filed. *See Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (stating "the reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case.").

3. Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint **[ECF No. 30]** and Plaintiff's Motion for Extension of Time **[ECF No. 33]** are **DENIED** without prejudice.

4. The case is **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties. Any party may move to reopen the case at the appropriate time.

CASE NO. 21-22232-CIV-ALTONAGA

    5.    The August 17, 2021 Order **[ECF No. 25]** is **SET ASIDE**.

**DONE AND ORDERED** in Miami, Florida, this 13th day of September, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record